UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ARIEL ROBTOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CAUSE NO. |
| ) | |
| ) | |
| THE KROGER CO., d/b/a PEYTON'S ) | |
| NORTHERN DISTRIBUTION CENTER, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Ariel Robtoy, a resident of Allen County, Indiana, and an employee of the Defendant at the Defendant's Bluffton, Indiana location at all times material to this Complaint.

2. The Defendant is The Kroger Co., d/b/a Peyton's Northern Distribution Center is a company doing business at 1111 South Adams Street, Bluffton, IN 46714. Defendant is an "employer" for the purposes of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the FMLA as amended by the Families First Coronavirus Response Act ("FFCRA").

3. Plaintiff was a full-time employee of the Defendant from on or about April 4, 2018, until her wrongful termination on or about April 8, 2020. At the time of separation from employment Plaintiff's job title was "case selector."

4. On or about March 23, 2020, Defendant amended its "Emergency leave

1

Guidelines" to cover COVID—19 related self-isolation and symptoms (in line with the protections afforded by the FFCRA). The notification provided to employees is attached hereto as "Ex. A." Pursuant to its own policy, employees affected by COVID—19 were eligible for up to fourteen (14) paid days off. In addition, Defendant amended its attendance policy temporarily to provide that attendance points for absences associated with COVID—19 symptoms would be removed from employees' attendance records once "acceptable medical documentation" was provided. The notice of the temporary revision to the attendance policy provided to employees is attached hereto as "Ex. B."

5. Although Defendant employees more than 500 people, it's assertion of adherence to the FFCRA's provisions and policy changes that align with the FFCRA's guidance prohibit Defendant from denying the coverage to its employees. Defendant is bound by the FFCRA by way of estoppel.

6. Over the weekend of April 4th and 5th, 2020, Plaintiff began developing COVID—19 like symptoms, including shortness of breath, discomfort when breathing, sweats, and pain in her torso.

7. On Monday April 6th, Plaintiff was scheduled to work but called off due to her symptoms. She notified Defendant of her illness and indicated she would be seeking medical treatment.

8. Plaintiff then engaged in a "virtual visit" with Parkview Hospital, as in-person doctor visits were not being conducted. As a result of the visit with Parkview Hospital, Plaintiff was prescribed medication and provided with a doctor's note

indicating she could not return to work until April 9, 2020, at the earliest. The doctor's note indicated the symptom "shortness of breath," a known symptom of COVID—19, as the reason for the visit. Plaintiff provided this note to Defendant.

9. Later that evening, on April 6th, 2020, Plaintiff received a phone call from Sharlena Chaney in Defendant' human resource department indicating that the doctor's note was "not approved" because it lacked the term "COVID—19," but there was no further indication of what Defendant would require.

10. By the morning of April 7, 2020, Plaintiff began to experience a new symptom—a sore throat. Plaintiff attended another "virtual visit" with Parkview Hospital, and was issued another doctor's note that indicated that Plaintiff's diagnosis was "URI vs. COVID—19 most likely URI [upper respiratory infection] at this time…" but indicated that Plaintiff should be excused from work from 04/06/2020 to 04/20/2020. It also indicated that Plaintiff should "self-isolate for 14 days" and included the instruction "[d]o not return to work or public places during this time." Plaintiff provided this note to Defendant's human resource department via email, just as she had done the first. Plaintiff received no notice from the Defendant as to the sufficiency/lack of sufficiency of the new note.

11. Further, Plaintiff's live-in boyfriend, Derrick Nobbe, who also works for the Defendant, was provided a doctor's note the same day excusing him from work from 04/07/2020 to 04/21/2020 for "possible exposure to COVID—19" and indicated that he must "self-isolate for 14 days" as well as the other indications included in Plaintiff's note. His doctor's note was emailed to the Defendant at

the same time as Plaintiff's.

12. On or about April 15, 2020, Plaintiff, and her boyfriend, noticed that their paycheck stubs indicated they were not being paid for the time off work. Mr. Nobbe emailed Ms. Chaney, and discussions ensued regarding the status of Plaintiff and Mr. Nobbe's leave from work. Initially Ms. Chaney indicated that she had not received the doctor's notes on the 7th; then Ms. Chaney indicated they had been found, but were still insufficient.

13. Ultimately, on April 16, 2020, Defendant notified Mr. Nobbe that he got to keep his job, but was required to utilize vacation time to keep from accumulating attendance points. Plaintiff, however, did not have vacation time and was terminated for attendance points as a result of taking time off work to attend to her serious medical condition.

14. At no time did Defendant initiate discussion with Plaintiff regarding utilizing the FMLA to cover her absence, as it is required to do pursuant to the FMLA. Defendant is a covered employer, and Plaintiff a qualified employee, under the FMLA, and therefore her need for time off work in excess of three days to attend to her serious medical condition entitled Plaintiff to protection of her job under the FMLA. Defendant's actions when terminating Plaintiff were in direct violation of the FMLA.

15. Furthermore, as it applies to Plaintiff, Defendant failed to adhere to its own policy it set forth in response to the COVID—19 pandemic, a policy which mirrors the FFCRA, Division E, § 5101 *et seq.* Defendant is estopped from asserting that it

was not a covered employer under the FFCRA, as it represented to its employees that they were entitled to the same protections as afforded by the FFCRA.

16. Plaintiff's wrongful termination was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, such as income, and subjected her to emotional distress and other damages and injuries.  Plaintiff seeks compensatory damages, as well as reasonable attorney's fees and costs.

17. Finally, Defendant's actions were knowing, intentional, willful, wanton, and in direct violation of Plaintiff's federally protected rights pursuant to the FMLA and the FFCRA, entitling Plaintiff to liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants for compensatory damages, liquidated damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Email: jhitchcock@myers-law.com
*Attorney for Plaintiff*